

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 4, 1971

Miss Naomi Harney
County Attorney
Potter County Courthouse
Amarillo, Texas      79101

Opinion No.  M-986

Re:  Does H.B. 646, Acts 62nd
     Leg., R.S., 1971 (ch.513,
     p. 1751, codified as Art.
     1581h, V.C.S.) authorize
     a county to contract with
     a City within the county
     to have the city tax asses-
     sor-collector to assess
     county taxes?

Dear Miss Harney:

You have requested our opinion as follows:

> "Whether H.B. No. 646, passed March 20, 1971, by
> the 62nd Legislature, authorizes a county to
> contract with a city located within the county
> to have the city's tax assessor and collector
> assess county taxes yearly?"

The facts stated in your request are that Potter County
(having a population of over 10,000) wishes to enter into a
contract with the City of Amarillo to have the city tax asses-
sor and collector assess all property located in Potter County
for purposes of taxation and that the County Assessor and
Collector for Potter County shall continue to collect the
taxes for the state, county and school districts.

Article 8, Section 14, of the Constitution of the State
of Texas provides:

> "Sec.14.   Except as provided in Section 16 [which
> covers counties of less than 10,000 population]
> of this Article, there shall be elected by the
> qualified voters of each county, an Assessor and
> Collector of Taxes, who shall hold his office for
> four years and until his successor is elected and
> qualified; and such Assessor and Collector of
> Taxes shall perform all the duties with respect
> to assessing property for the purpose of taxation
> and of collecting taxes, as may be prescribed by
> the Legislature."

-4809-

In the case of Missouri, K. & T. Ry. Co. of Texas v. Shannon, 100 Tex. 379, 100 S.W. 138 (1907), the Supreme Court of Texas interpreted Section 14 of Article 8 as follows:

> "While we think that the Legislature could not strip the assessor of all authority, and probably that it was intended by the framers of the Constitution that all ordinary assessments of property for taxation should be made by him, still we think it was not intended to deprive the Legislature of the power of devolving the duty upon another officer, or board to assess property in some special case, where, as in the present instance, the county assessors were clearly unable from the means at their disposal to ascertain with any reasonable degree of approximation the value of the intangible assets of the railroad company, and still less capable of making intelligently the apportionment due to their respective counties."
> (Emphasis added.)

It is our opinion that the power to assess which your request contemplates is an ordinary assessment of property for taxation and therefore falls within the type of assessment which the framers of the Constitution intended should be made by the county tax assessor and collector. Missouri, K. & T. Ry. Co. of Texas v. Shannon, supra.

In light of this interpretation of Section 14 of Article 8 of the Texas Constitution, any authority given in House Bill No. 646 for someone other than the elected county tax assessor and collector to make ordinary assessments of property in the county for taxation would be contrary to the Constitution and therefore void and of no effect. This result is in accord with and follows the reasoning and holding of Attorney General Opinion No. M-70 (1967).

For the above reasons, House Bill No. 646 does not authorize a county to contract away the duty of its elected tax assessor and collector to make ordinary assessments of property for taxation purposes. A county may, however, enter into a contract for services, such as the making of appraisal or assessment recommendations, that would not constitute an abrogation of the duties of the county tax assessor-collector

granted by the Constitution. Pritchard & Abbott v. McKenna, 162 Tex. 617, 350 S.W.2d 333 (1961).

## S U M M A R Y

H.B. 646, Acts 62nd Leg., R.S., 1971 (Article 1581h, V.C.S.) does not authorize a county to contract with a city for the city tax assessor and collector to assess all the property in the county for taxation purposes but a county may, however, enter into a contract for services, such as the making of appraisal or assessment recommendations, that would not constitute an abrogation of the duties of the county tax assessor-collector granted by the Constitution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Wardlow Lane
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Broadhurst
Melvin Corley
Harold Kennedy
Roland Allen

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant